UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KHAIM KHAIMOV,

Petitioner,

v.

MINNESOTA DEPARTMENT OF CORRECTIONS, AMBERG JEFF, FINNEGAN MICHAEL, WARNER MARK, VALENTIN DAVID, STARISHA THOMAS, Lt. SEATH, Sgt. LINDELL, ALEX USPENSKY, PEGGY SHUMAHER, and Lt. TATE,

Respondents.

Civil No. 01-1713 (RHK/JGL)

**ORDER**

Plaintiff, a prisoner at the Minnesota Correctional Facility in Stillwater, Minnesota, commenced this action on September 14, 2001, by filing a complaint seeking relief under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights. (Docket Nos. 1 and 2.) He did not tender the $150 filing fee with his pleading as required by 28 U.S.C. § 1914(a), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 5.) For the reasons discussed below, Plaintiff's request for IFP status will be denied pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) was enacted as part of the Prison Litigation Reform Act of 1995 ("PLRA"). It provides that:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [i.e., the IFP statute -- 28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or

FILED SEP 20 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

> detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

This statute, "commonly known as the 'three strikes' provision, directs that prisoners who have had three previous civil suits or appeals dismissed as malicious, frivolous, or for failure to state a claim must prepay the entire filing fee... unless they are 'under imminent danger of serious physical injury.'" Lyon v. Kroll, 127 F.3d 763, 764 (8th Cir. 1997).

The District Court Judge to whom this case has been assigned, Judge Richard H. Kyle, has already determined that Plaintiff has filed three or more prior actions or appeals that were dismissed for failing to state an actionable claim, and that he is therefore subject to the three strikes rule. In an order dated July 18, 2001, entered in the case of Khaimov v. Department of Corrections, Civil No. 01-559 (RHK/JGL), Judge Kyle denied Plaintiff's application for leave to proceed IFP on appeal based on the three strikes rule. The order explained that –

> "In Khaimov v. Rea, Civil No. 00-1525 (RHK/JGL), this Court ordered that Plaintiff's action be summarily dismissed (pursuant to 28 U.S.C. § 1915A(b)), because his complaint failed to state a claim on which relief could be granted. The Court's order clearly indicated that the dismissal of the action would count as a "strike" against Plaintiff for purposes of § 1915(g). When Plaintiff tried to bring an appeal in that action and applied for IFP status on appeal, this Court denied the IFP application because the appeal was not taken in good faith. In the order denying IFP status, the Court expressly noted that the denial of Plaintiff's IFP application on appeal would count as another strike for purposes of § 1915(g). [Footnote omitted.]

> Plaintiff's third and final strike occurred when the Court ordered that his complaint in the present action [i.e., Civil No. 01-559] be dismissed for failure to state a claim on which relief could be granted. Once again, the Court's order, (Docket No. 16), specifically alluded to § 1915(g).
>
> Thus, the Court now finds that Plaintiff already has three strikes against him for purposes of § 1915(g). He is therefore ineligible for IFP status in his present appeal, (or in any future federal court action or appeal), unless he can demonstrate that he is 'under imminent danger of serious physical injury.'" (Emphasis added.)

Because Plaintiff is subject to the three strikes rule, his present IFP application must be denied, unless he is "under imminent danger of serious physical injury." Although Plaintiff's rambling pleadings (i.e., Docket Nos. 1 and 2) include several vague and conclusory allusions to Plaintiff's fear of physical harm, there are no credible factual allegations describing any imminent danger of serious physical injury.[1] The Court can find no specific factual allegations suggesting that any of the named Defendants (or any one else) is likely to cause Plaintiff any serious physical injury. See Carson v. TDCJ-ID, No. 2:98-CV-0397 (N.D.Tex. 1998) 1998 WL 906989 at *1 (denying IFP status pursuant to the three strikes rule, despite Plaintiff's conclusory allegations of imminent danger of serious physical injury, where it appeared that Plaintiff was "attempting to tailor his allegations so they [would] fall with[in] the scope of the statutory exception," when, in fact, "his claims [were] really simply the usual dissatisfactions with prison life"). Thus, the Court finds that Plaintiff does not qualify for the "imminent danger of serious physical

---

[1] In fact, the most conspicuous threat to Plaintiff's health or safety appears to be self-created. His pleadings include numerous references to a self-imposed "hunger strike," which could not be good for his health or well-being.

injury" exception to the three strikes rule. It follows that Plaintiff's IFP application must be denied.

The Court notes, however, that "[s]ection 1915(g) does not prohibit prisoners from pursuing legal claims if they have had 'three strikes' or three prior dismissals. It only limits their ability to proceed in forma pauperis." Lyon, 127 F.3d at 765. Plaintiff will therefore be given an opportunity to pay the full $150 filing fee. However, if Plaintiff has not paid the full fee by October 10, 2001, he will be deemed to have abandoned this action, and it will be recommended that this action be summarily dismissed without prejudice. See Fed. R. Civ. P. 41(b).[2]

Based upon the above, and on all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 5), is DENIED; and

2. Plaintiff shall pay the entire $150 filing fee for this action by no later October 10, 2001, failing which it will be recommended that the action be dismissed without prejudice.

Dated: September 20, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

---

[2] Plaintiff should note that even if the full filing fee is paid in a timely manner, his pleading will still have to be "screened" pursuant to 28 U.S.C. § 1915A to determine whether it states a cause of action on which relief can be granted. If the Court finds that Plaintiff has failed to plead a legally cognizable claim, (which appears quite likely), his case will be subject to summary dismissal, notwithstanding his payment of the fee. 28 U.S.C. § 1915A(b)(1).

# Please forward this announcement to the recipient of this fax.

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500