**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

KHAIM KHAIMOV,

Plaintiff-Appellant,

v.

MINNESOTA DEPARTMENT OF CORRECTIONS, AMBERG JEFF, FINNEGAN MICHAEL, WARNER MARK, VALENTIN DAVID, STARISHA THOMAS, Lt SEATH, Sgt. LINDELL, ALEX USPENSKY, PEGGY SHUMAHER, and Lt. TATE,

Defendant-Respondents.

Civil No. 01-1713 (RHK/JGL)

**ORDER**

This matter is presently before the Court on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 16.) For the reasons discussed below, the Court concludes that Plaintiff's IFP application must be DENIED.

Plaintiff is a prisoner of the State of Minnesota who is attempting to appeal the dismissal of his complaint seeking relief under 42 U.S.C. § 1983. Because Plaintiff is a prisoner, his IFP application is governed by the Prison Litigation Reform Act of 1995 ("PLRA"). The PLRA requires all prisoner litigants to pay the full $105 filing fee for an appeal, regardless of their financial circumstances. 28 U.S.C. § 1915(b)(1); see also Henderson v. Norris, 129 F.3d 481 (8th Cir. 1997); In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997). However, a prisoner who is financially eligible for IFP status under § 1915 will be excused from pre-paying the full $105 filing fee as a condition to filing an appeal, and will instead be required to pay the filing fee in installments.

The PLRA also includes a provision known as the "three strikes rule," which says that prisoners are ineligible for IFP status if three or more of their previous actions or appeals have been

JAN 31 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

found to be frivolous or legally non-cognizable. The three strikes rule is set forth at 28 U.S.C. § 1915(g), which reads as follows:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [i.e., the IFP statute -- 28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

The Plaintiff here is a prisoner who has had at least three prior actions or appeals dismissed because he had failed to state an actionable claim. The Court made this determination when Plaintiff applied for IFP status in an appeal filed in one of his many prior cases. (See Khaimov v. Minnesota Department of Corrections, Civil No. 01-559 (RHK/JGL), Order dated July 18, 2001, [Docket No. 21].) Because Plaintiff already has three strikes against him for purposes of § 1915(g), he is ineligible for IFP status in his present appeal, (or in any future federal court action or appeal), unless he can demonstrate that he is "under imminent danger of serious physical injury."

Although the record in this case includes numerous vague allusions to threats and dangers to his physical safety, Plaintiff has not adequately identified any specific and credible "imminent danger of serious physical injury." See White v. State of Colorado, 157 F.3d 1226, 1230-32 (10th Cir. 1998) (IFP status denied pursuant to § 1915(g), notwithstanding prisoner's conclusory, but not credible, declaration that he was under "imminent danger of serious physical injury"); cf. Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) (§ 1915(g) would not bar IFP status where prisoner offered "sworn allegations" supported by "documentary evidence" showing specific incidents involving specific named defendants who deliberately placed prisoner at the mercy of his known enemies, who attacked him with a nine-inch screwdriver and a butcher knife). In the absence of any

clear, specific and credible evidence showing that Plaintiff is currently exposed to an "imminent danger of serious physical injury," Plaintiff is barred from proceeding IFP by § 1915(g)'s three-strikes rule.[1]

The Court further notes, however, that "[s]ection 1915(g) does not prohibit prisoners from pursuing legal claims if they have had 'three strikes' or three prior dismissals. It only limits their ability to proceed in forma pauperis." Lyon v. Kroll, 127 F.3d 763, 765 (8th Cir. 1997). Therefore, while Plaintiff's application for leave to proceed IFP on appeal will be denied, he can still pursue his appeal in this action if he pays the normal $105 filing fee for such appeal.[2]

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's application for leave to proceed in forma pauperis on appeal, (Docket No. 16), is DENIED, pursuant to 28 U.S.C. 1915(g);

2. Plaintiff's "Motion For Appointment Of Counsel," (Docket No. 14), is DENIED; and

---

[1] It is worth noting that the court files for Plaintiff's many lawsuits in this District are chock-full of vague assertions that Plaintiff is about to be beaten or killed by prison officials. However, in all of Plaintiff's voluminous submissions to this Court during the past few years, he has never made any credible showing of any specific occasion when any specifically-identified prison official (or anyone else) has actually caused him any serious physical harm. Furthermore, notwithstanding all of the physical harm that Plaintiff purportedly has feared and endured over the past few years, it is evident that he is still healthy enough to litigate prodigiously.

[2] Plaintiff's IFP application was accompanied by a "Motion For Appointment Of Counsel," (Docket No. 14), and a "Motion For Emergency Court Hearing," (Docket No. 15). Given the current status of this case – i.e., that Plaintiff has never been granted IFP status or paid the district court filing fee; that his action has been dismissed at the district court level; and that his case is currently pending before the Court of Appeals – Plaintiff's motions are not properly before this Court at this time. Plaintiff's two collateral motions will therefore be summarily denied.

3. Plaintiff's "Motion For Emergency Court Hearing," (Docket No. 15), is DENIED.

Dated: 1/31, 2002

RICHARD H. KYLE
United States District Court Judge